UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ROGER DENT and DAVID HAMILTON, | Civil No.: 5:19-cv-149 |
| Plaintiffs, | |
| v. | |
| | COMPLAINT |
| MARK GREGORY ROOFING COMPANY, INC., and MARK L. GREGORY, | |
| Defendants. | |

Plaintiffs, Roger Dent ("Dent") and David Hamilton ("Hamilton") (together "Plaintiffs"), by and through counsel, bring this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.*, against Defendants Mark Gregory Roofing Company, Inc. ("MGRC") and Mark L. Gregory ("Gregory") (together, "Defendants").

## NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) and they seek to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiffs' FLSA claims result from Defendants' policy and practice of failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Defendants failed to pay all wages earned by Hamilton pursuant to the NCWHA. Specifically, MGRC violated N.C. Gen. Stat. §§ 95-25.1 *et. seq.* by failing to pay Hamilton all earned wages due on his regular paydays and due on the next regular payday following the termination of Hamilton's employment.

## THE PARTIES

4. Dent is an adult individual who is a resident of Linden, North Carolina.

5. Hamilton is an adult individual who is a resident of Lillington, North Carolina.

6. MGRC is a domestic business limited liability company registered and in good standing in the State of North Carolina, located at 1399 Old Barbour Rd., Benson, NC 27504.

7. Gregory is the majority shareholder of MGRC and holds the position of President. In this capacity, Gregory is involved in the day-to-day business operations of MGRC. Gregory has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to require Plaintiffs to work more than forty hours a week. At all relevant times, Gregory acted and had responsibility to act on behalf of, and in the interests of MGRC in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Gregory was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

9. The claims for violations of the NCWHA are based on the statutory and common law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367

for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claims – both claims arise out of Defendants' unlawful policies and practices related to Plaintiffs' compensation.

10. This Court has personal jurisdiction because Defendants conduct business in Johnston County, North Carolina, which is located within this judicial district.

11. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Johnston County, North Carolina.

## COVERAGE ALLEGATIONS

12. MGRC is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Gregory is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). In this capacity, Gregory is involved in the day-to-day business operations of MGRC. Gregory has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to withhold overtime compensation from Plaintiffs. At all relevant times, Gregory acted and had responsibility to act on behalf of, and in the interests of MGRC in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit.

14. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

3

the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

16. Dent was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17. Hamilton was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

18. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

19. At all times hereinafter mentioned, MGRC has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

20. At all times hereinafter mentioned, Gregory has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

21. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

22. MGRC is a roofing company that provides roof maintenance, repair and installation for residential and commercial entities.

23. Plaintiffs' primary job duties involved physical labor, including performing maintenance, repair and installation of roof on commercial and residential buildings.

24. At all relevant times, Plaintiffs were nonexempt employees within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

25. Defendants employed Plaintiffs during the FLSA's three-year statutory period preceding the filing of this complaint.

26. Defendants employed Dent in or about October 2013 until March 14, 2019.

27. Defendants employed Hamilton from approximately in or about Spring of 1999 until or about October 18, 2017.

28. At all times relevant to this lawsuit, Defendants paid Plaintiffs an hourly rate of pay. During Plaintiffs' tenure with Defendants, they received periodic pay raises.

29. For purposes of this lawsuit, Dent's hourly rates ranged from $13.50 to $16.00 per hour.

30. For purposes of this lawsuit, Hamilton's hourly rates ranged from $17.25 to $20.00 per hour.

31. Dent regularly worked approximately 50 to 51 hours each week between April, 11, 2016 through March 14, 2019.

32. Hamilton regularly worked approximately 50 to 51 hours each week between April 11, 2016 through October 18, 2017.

33. Defendants did not pay Plaintiffs an overtime premium for all hours worked in excess of 40 each workweek during the periods described above.

34. Instead of paying overtime compensation in the weeks it was worked at a rate of one and one-half times Plaintiffs' regular rate of pay, as required by the FLSA, Defendants maintained a policy and practice of "banking" overtime hours worked by Plaintiffs each week.

Defendants used the "banked" hours to pay Plaintiffs for days and/or hours that Plaintiffs were unable to work because of inclement weather and for holidays. Defendants paid out some of Plaintiffs "banked" overtime hours at Plaintiffs' straight-time hourly rate of pay.

35. Defendants had a system of tracking Plaintiffs' "banked" hours that were recorded on paper time sheets that Plaintiffs handed in at the end of each work day. Those hours were supposed to be recorded by Gregory's spouse, Jenny Gregory ("Mrs. Gregory"), who is an employee of MGRC. However, Mrs. Gregory did not consistently or accurately record the "banked" hours reported by Plaintiffs. As a result, Defendants improperly tracked Plaintiffs' overtime in violation of the FLSA.

36. Defendants did not provide Plaintiffs with a paystub or any other documentation that indicated the number of overtime hours Plaintiffs worked each week, or the number of overtime hours Defendants' "banked" on their behalf.

37. Dent estimates in good faith that during April 11, 2016, until March 14, 2019, Defendants' "banked" approximately 1,420 overtime hours for which he was not timely paid nor paid at a rate one and one-half times his regular rate of pay and some of which was not paid at all.

38. Hamilton estimates in good faith that during the period April 11, 2016, until or about October 17, 2017, Defendants "banked" approximately 760 overtime hours for which he was not timely paid nor paid at a rate one and one-half times his regular rate of pay and some of which was not paid at all.

39. Defendants knew or should have known that Plaintiffs worked unpaid overtime hours during the FLSA's statutory time period because Defendants were provided with Plaintiffs' timesheets at the end of each working day showing all of the overtime hours worked by Plaintiffs.

6

Case 5:19-cv-00149-FL   Document 1   Filed 04/15/19   Page 6 of 9

40. Defendants also had knowledge that Plaintiffs worked unpaid overtime hours during the FLSA's statutory time period because they utilized the recorded "banked" hours to pay Plaintiffs when inclement weather prevented Plaintiffs from working in subsequent pay periods.

41. Defendants did not accurately track and record the hours worked by Plaintiffs as required by the FLSA.

42. Defendants did not timely pay Plaintiffs for the overtime hours they worked during the three-year period prior to the filing of this lawsuit.

43. Defendants willfully failed to pay Plaintiff the overtime premium required by the FLSA during the three-year period prior to the filing of this lawsuit.

44. Following the termination of Hamilton's employment, Defendants failed to pay Hamilton his earned wages in the amount of $1,380.00, which included 29 "banked" work hours and 40 hours of holiday pay.

**(Count I-Violation of FLSA – Overtime)**

45. Plaintiffs incorporate by reference paragraphs 1-44 of their Complaint.

46. Defendants violated the FLSA by failing to timely pay all overtime wages earned by Plaintiffs.

47. Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

48. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

49. Defendants' violation of the FLSA was willful.

### (Count II-Violation of NCWHA)

50. Plaintiffs incorporate by reference paragraphs 1-49 of their Complaint.

51. Plaintiffs' NCWHA claims arise from Defendants' policy and practice of failing to pay earned wages in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

52. Defendants failed to timely pay all wages earned by Plaintiffs on their regularly scheduled paydays, including the next regular payday following the termination of Plaintiffs' employment.

53. Defendants' conduct was willful.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendants liable for unpaid wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jason S. Chestnut
Jason S. Chestnut NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: jason@gibbonsleis.com
phil@gibbonsleis.com
craig@gibbonsleis.com