# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE BETWEEN MARK GREGORY ROOFING COMPANY, INC. AND MARK GREGORY, DEFENDANTS; AND ROGER DENT AND DAVID HAMILTON, PLAINTIFFS

This Confidential Settlement Agreement and General Release (Agreement) is entered into by and between **Roger Dent** and **David Hamilton** (referred to in context as **Dent, Hamilton,** or collectively **Plaintiffs**), and each and every one of his or their respective heirs, devisees, legatees, executors, administrators, assigns, agents, representatives, businesses, insurers, subrogees, and attorneys; and **Mark Gregory Roofing Company, Inc. ("Company")** and **Mark Gregory** (referred to in context as **Company, Gregory,** or collectively **Defendants**), including each and every one of their respective officers, directors, agents, representatives, employees, contractors, successors, assigns, predecessors, divisions, subsidiaries, branches, affiliated companies, insurers, and attorneys, for the purpose of resolving any and all claims that Plaintiffs may have against Defendants. The said named signatories may be collectively referred to throughout this Agreement as the "Parties." In appropriate context the term "Party" may also be used.

The Parties agree that:

**WHEREAS**, Plaintiffs initiated a lawsuit in the United States District Court for the Eastern District of North Carolina against the Defendants assigned Civil Action Number 5:19-CV-00149-FL (the "Litigation"); and

**WHEREAS,** Defendants deny any and all allegations made against them by Plaintiffs, including those set forth in the Litigation, and further deny that Defendants are in any way liable to Plaintiffs; and

**WHEREAS,** the Parties, together with Jenny Gregory, who is a shareholder and officer in the Company and a named defendant in a separate lawsuit commenced against her by the Plaintiffs ("separate Lawsuit"), also pending in the United States District Court for the Eastern District of North Carolina, assigned Civil Action Number 5:20-CV-00395-FL, undertook a voluntary mediation on June 4, 2021, presided over by the mutually agreed upon Mediator, namely Kenneth P. Carlson, Jr., Certified Mediator (Mediator); and

**WHEREAS,** the Parties agreed that it was their mutual intent to resolve the Litigation and the separate Lawsuit together if terms could be agreed upon in the mediation; and

**WHEREAS**, the Parties did reach such agreement in mediation, memorialized in a Mediation Settlement Term Sheet agreed to on June 4, 2021, and now desire to fully and finally settle by way of this Agreement all possible disputes between them arising out of Plaintiffs' employment with the Company, all terms and conditions of the employment, and separation of Plaintiffs' employment from the Company, including, but in no way limited to, the claims and defenses in the Litigation and in the separate Lawsuit; and

**WHEREAS**, the Parties freely and knowingly agree to enter into and execute this Agreement.

**NOW, THEREFORE**, in order to avoid any further controversy, time, expense, litigation and inconvenience, and in consideration of the mutual promises contained in this Agreement, and for other good and sufficient consideration, the legal sufficiency of which is acknowledged, the Parties agree as follows:

1. **Settlement Payment.** Defendants, or either of them, shall pay to Plaintiffs the aggregate sum of EIGHTY-NINE THOUSAND NINE HUNDRED SEVENTY-FIVE DOLLARS ($89,975.00) (the

"settlement payment"), allocated in separate checks as follows: (a) a check for alleged unpaid wages in the amount of $9,620.06, less withholdings, shall be paid to Plaintiff Roger Dent; (b) a check for alleged non-wage damages in the amount of $9,620.06, subject to an IRS Form 1099, shall be paid to Plaintiff Roger Dent; (c) a check for alleged unpaid wages in the amount of $8,720.31, less withholdings, shall be paid to Plaintiff David Hamilton; (d) a check for alleged non-wage damages in the amount of $8,720.31, subject to an IRS Form 1099, shall be paid to Plaintiff David Hamilton; and (e) a check for attorneys' fees and expenses in the amount of $53,294.26, subject to an IRS Form 1099, shall be paid to the "Gibbons Law Group, PLLC." Such checks shall be remitted within 10 days after Plaintiffs have signed and returned to legal counsel for Defendants the Agreement. Unless otherwise agreed by the Parties, all checks comprising the settlement payment shall be delivered to Plaintiffs' counsel of record, Phil Gibbons or Corey Stanton ("Plaintiff's Counsel"), for distribution.

The award of attorneys' fees and costs at less than the amount requested by Plaintiffs' Counsel does not give rise to a basis to abrogate this Agreement. There shall be no appeal of any decision by the Court relating to an award of attorneys' fees to Plaintiffs' Counsel. Should the Court approve attorneys' fees or costs in amounts less than requested, the unapproved portion or portions shall revert to Plaintiffs in an amount proportional to their individual recovery percentages.

Dent and Hamilton, respectively, each shall be solely responsible for the payment of any federal, state, or local taxes due and arising out of the payments to each of them made under this Agreement. Each of the Plaintiffs agrees to hold Defendants harmless from any and all claims, demands, rights, damages, attorneys' fees, costs, and expenses resulting from any liability or claim of liability for any federal, state, Social Security, Medicare, or other withholding or taxes assessed by or due any federal, state, or government agency with respect to 1099 payments made to them under this Agreement pursuant to Paragraphs 1(b) and 1(d) above.

2. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies specified in Paragraph 1 above except for their execution of this Agreement and the fulfillment of the promises contained herein.

3. **Dismissal of the Litigation and the Separate Lawsuit.** Plaintiffs shall file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) with prejudice, in both the Litigation, Civil Action Number 5:19-CV-00149-FL, and in the separate Lawsuit, 5:20-CV-00395-FL, dismissing all claims made therein against the Defendants and Jenny Gregory.

4. **Plaintiffs' General Release, Claims Not Released, and Related Provisions**

    a. **General Release of All Claims.** Each of the Plaintiffs knowingly and voluntarily releases, absolves, and forever discharges Mark Gregory, Jenny Gregory, the Company, its affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which either one or both of the Plaintiffs have or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

    - Fair Labor Standards Act, 29 U.S.C. § 203, et seq., et al.;

    - Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA");
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- North Carolina Equal Employment Practices Act, N.C. Gen. Stat. §143-422.1, et seq.;
- North Carolina Parental Leave Law for School Involvement, N.C. Gen. Stat. §95-28.3;
- North Carolina Lawful Use of Lawful Products Law, N.C. Gen. Stat. §95-28.2;
- North Carolina Persons With Disabilities Protection Act, N.C. Gen. Stat. §168A-1, et seq.;
- North Carolina Communicable Disease Law, N.C. Gen. Stat. §130A-148(i);
- North Carolina Discrimination on the Basis of Sickle Cell Trait Law, N.C. Gen. Stat. §95-28.1;
- North Carolina Genetic Testing Law, N.C. Gen. Stat. §95-28.1A;
- North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. §95-240, et seq.;
- North Carolina Wage and Hour Act, as amended, including N.C. Gen. Stat. §95-25.1, et seq., et al.;
- North Carolina Occupational Safety and Health Act, as amended;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b. **Claims Not Released.** Plaintiffs are not waiving any rights they may have to (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement.

c. **Covenant Not To Sue.** Except as set forth in Paragraph 4.d. below, each of the Plaintiffs covenants and agrees that he will not file any lawsuit or proceeding, or take any other action that seeks to pursue or enforce any claim, demand, cause of action, suit, or liability that the Plaintiffs have released herein.

d. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiffs' rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made, neither Plaintiff shall be entitled to recover any individual monetary relief or other individual remedies.

e. **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Company or any other Releasee identified in this Agreement is a party.

5. **Releases by the Defendants.** The Defendants do hereby forever release, remise and discharge each of the Plaintiffs and each of their respective agents, representatives, attorneys, successors, successors-in-interest and assigns of and from any and all claims, known and unknown, asserted or unasserted, which Defendants have, or may have against either one or both of the Plaintiffs as of the date Defendants have executed this Agreement.

6. **Acknowledgments and Affirmations.** Plaintiffs affirm that they have not filed, cause to be filed, and presently are not parties to any claim against the Company, except the Litigation and the separate Lawsuit.

7. **Confidentiality.** Plaintiffs and each of them agree not to disclose any information regarding the existence or substance of this Agreement, by any means of communication including but not limited to social networking web sites and/or members of the press/media, except to his respective spouse (if any), tax or financial advisors and attorneys with whom he chooses to consult regarding his consideration of this Agreement. Plaintiffs and each of them shall instruct his respective spouse, tax or financial advisor, and attorney to keep the terms of this Agreement confidential. Other than as allowed by this paragraph, Plaintiffs also agree they will not disclose or cause anyone else to disclose the fact of or amount of the settlement payment contained in this Agreement, and will do nothing to draw attention to the fact of or consideration for this Agreement. Plaintiffs will keep the terms of this Agreement and the contents of any of the negotiations that led to this Agreement confidential and shall not make any public or private statement concerning this Agreement. Plaintiffs agree to respond to inquiries about this Agreement as follows: "The matter has been resolved."

8. **Governing Law and Interpretation.**  This Agreement shall be construed and governed in accordance with the internal laws of North Carolina without regard to its conflict of laws provisions.  In the event of a breach of any provision of this Agreement, Company may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **No-admission of Liability.**  This Agreement is a compromise and settlement of disputed claims being released.  Therefore, this Agreement and the payment provided for in this Agreement shall not constitute an admission of liability on the part of Company, Mark Gregory, or Jenny Gregory; nor shall it be construed as any admission that the Company, Mark Gregory, or Jenny Gregory has violated any law, statute, rule, regulation, policy or any contractual right or other obligation owed to Plaintiffs.  Company, Mark Gregory, and Jenny Gregory specifically by this Agreement deny all allegations of improper or unlawful conduct made by Plaintiffs.  The Parties merely intend, by entering into this Agreement, to avoid further litigation.

10. **Non-Disparagement.**  Plaintiffs agree not to directly or indirectly take any action or make any statements that criticize, ridicule, or disparage the Company or any of the Releasees or any of their respective employees, reputations, officers, financial status or businesses, or that damage the Company or any of the Releasees in any of their respective business relationships, or that encourage the making of such statements or the taking of such actions by someone else.

11. **No Re-Hire and No Re-Apply.**  Plaintiffs waive any rights to future employment with the Company including all related entities. For purpose of this paragraph, "employment" means work as an employee, contractor, or temporary worker placed through an agency or other third party.  A breach of this Paragraph shall constitute lawful and just cause to refuse to employ Plaintiffs or to terminate Plaintiffs if already employed, and Plaintiffs shall have no cause of action against the Company for such refusal or termination.

12. **Costs.**  The Parties to this Agreement expressly agree that no Party shall be liable to any other Party, person or entity for costs and/or attorneys' fees relating to the released claims or this Agreement, including any provided for by statute, except to the extent attorneys' fees are specifically addressed in Paragraph 1. Each side, Plaintiffs on one hand and Defendants on the other, shall bear one-half share of the Mediator's fee for the mediation on June 4, 2021.

13. **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement

14. **Entire Agreement and Continuing Obligations.**  This Agreement represents the entire agreement of the Parties hereto with respect to the subject matter hereof and supersedes all other understandings of the Parties with respect thereto.  The terms of this Agreement are contractual in nature and are not a mere recital, and may be modified only in writing executed by all the signatories hereto.  Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to accept this Agreement, except for those set forth in this Agreement.  This Agreement may be executed in mutual counterparts, each of which will be deemed an original.

15. **Non-Waiver.** Failure of Defendants to insist on the strict performance of any provisions of this Agreement, or to exercise any right in any one or more instances or circumstances shall not be construed as a waiver or relinquishment of such provision or right, nor shall such failure or refusal be deemed a custom or practice contrary to such provisions or right.

16. **Construction.** This Agreement is not to be construed against any Party as drafter.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

MARK GREGORY ROOFING COMPANY, INC.

*David Hamilton* (DocuSigned)
David Hamilton

Date: 7/23/2021

By: *Mark Gregory*
Mark Gregory
President

Date: 7-22-2021

*Roger Dent* (DocuSigned)
Roger Dent

Date: 7/23/2021

*Mark Gregory*
Mark Gregory

Date: 7-22-2021